## NORDMEYER v. McALLEN STATE BONDED WAREHOUSE CO. (No. 6388.)

(Court of Civil Appeals of Texas. San Antonio. April 21, 1920.)

**1. Trial ⬤═►351(5)—Refusal to submit special issue substantially the same as issue submitted not error.**

In employé's action for services, involving the question of whether employé had misappropriated funds belonging to employer, refusal to submit special issue whether checks were drawn on employer by employé and money paid thereon without the authority, knowledge, or consent of employer was not error, where court submitted issue of whether employé had misappropriated employer's money; there being no substantial difference between the issue requested and that submitted.

**2. Master and servant ⬤═►80(9)—Evidence held to show misappropriation by employé.**

In employé's action for services, in which employer instituted cross-action for money misappropriated, evidence *held* to sustain finding that employé used employer's funds to support and maintain the business of a partnership of which he was a member without the authority, knowledge, or consent of employer.

Appeal from District Court, Hidalgo County; V. W. Taylor, Judge.

Suit by E. F. Nordmeyer against the McAllen State Bonded Warehouse Company, in which defendant instituted a cross-action. From judgment rendered, plaintiff appeals. Affirmed.

Glasscock, McDaniel & Bounds, of McAllen, for appellant. J. E. Leslie, of McAllen, for appellee.

FLY, C. J. This is a suit for $1,014.60 instituted by appellant against appellee; it being alleged that the amount was due for services rendered by appellant to appellee as manager of the business of appellee. The latter answered by general demurrer and general denial, and instituted a cross-action

against appellant for $5,587.13, less payment of $3,771, leaving a balance due appellee of $1,816.13, which it was alleged that appellant had misappropriated, without the knowledge or consent of appellee, and used for his own private ends. The cause was submitted to a jury on the following special issue:

"Say whether or not the moneys paid out by the checks in evidence before you were paid by the plaintiff herein, acting without the authority and knowledge, consent, and approval of the board of directors of the defendant herein."

The jury answered in the affirmative, and the court rendered judgment for appellant in the sum of $1,014.60 and for appellee on its cross-action for $1,816.13; the first sum being applied as a credit on the last-named sum.

[1] Through the first assignment of error appellant complains of the action of the court in refusing a special issue tendered by it. The special issue was in effect the same issue as that presented by the court, the latter asking the jury if the checks were drawn and the money paid on them without the authority, knowledge, or consent of appellee, and the other whether the money was misappropriated by appellant. There is no substantial difference between them. If the checks were drawn and money paid without authority of the corporation, it was misappropriated by appellant. The assignment is without merit and is overruled.

[2] The second assignment of error assails the sufficiency of the evidence to sustain the verdict of the jury. The evidence showed that Nordmeyer was employed as manager by appellee; that he was authorized to draw checks on the funds of the corporation for the benefit of the business of the corporation in the buying and selling of farm and garden produce. One of the conditions of his employment was that he was to devote his entire time to the interests of appellee. That condition was doubtless made in view of the fact that he had prior to that time been engaged in the produce business. This employment took place in November, 1917, and in January, 1918, appellant entered into a partnership with one Sprowl, under the name of the Sprowl-Nordmeyer Produce Company, and that firm had its bank account separate from that of appellee, and was in fact a separate, if not a rival concern, from appellee. There was a loss by the company and checks were drawn on appellee to pay the debts incurred by the partnership in the sum of $5,587.13. The foregoing evidence was given by appellant, and other testimony showed that the checks were drawn and the money used by the partnership without the authority, knowledge, or consent of appellee. The business of the partnership was conducted at Mission; that of appellee at McAllen.

Appellee had no knowledge that appellant was a member of the firm of Sprowl-Nordmeyer Produce Company. The evidence clearly showed that appellant was using the money of appellee to support and maintain the business of a partnership of which he was a member. The evidence fully sustains the finding of the jury.

It is inconceivable that appellee would have authorized its manager to use its funds in a partnership business of which its directors knew nothing and over which they had no control. Appellant testified, of course, that he went into the partnership for the benefit of the corporation, but no set of business directors would be willing to intrust their business affairs to a partnership organized by their manager and of whose organization they were ignorant. The partnership drifted on financial rocks and was wrecked, as such an organization, "conceived in sin and brought forth in iniquity," might have been expected to do.

The judgment is affirmed.